UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL D HILL, <br><br> Plaintiff, <br><br> v. <br><br> AUTOZONE STORES LLC, et al., <br><br> Defendants. | Case No. 1:24-CV-12-CCB-SLC |

## OPINION AND ORDER

On December 5, 2023, Plaintiff Michael Hill commenced a lawsuit in Indiana state court against Defendants AutoZone Stores LLC ("AutoZone") and AutoZone employee Natasha Lefevra. (ECF 5). AutoZone removed the case to this Court on January 10, 2024. (ECF 1). In Hill's initial complaint, he alleges a dispute arose between him and Lefevra when Hill was allegedly attempting to make a return of a defective product at AutoZone, and Lefevra refused to accept Hill's return. On March 13, 2024, Lefevra moved to dismiss under Fed. R. Civ. P. 12(b), and AutoZone moved to join Lefevra's motion. (ECF 21, 23).

Under Fed. R. Civ. P. 15(a)(1), the last day for Hill to amend his pleadings without leave of Court was April 3, 2024. On April 18, 2024, Hill filed a motion for leave to amend his complaint in lieu of response to Defendants' motion to dismiss. (ECF 32). Hill seeks to amend his complaint to assert claims against both AutoZone and Lefevra for violating his rights under 42 U.S.C. § 1981 (Count I), assault and battery (Count II) and intentional infliction of emotional distress ("IIED") (Count III). (ECF 32-1). Hill

clarifies that his proposed amended complaint is not asserting claims of public accommodations under 42 U.S.C. § 2000a, negligent infliction of emotional distress, or invasion of privacy. (ECF 31 at 3). Lefevra opposes Hill's motion for leave to amend his complaint as to Hill's Section 1981 and IIED claims, arguing that his proposed amendments are futile. (ECF 35).

## FACTUAL ALLEGATIONS

In Hill's proposed amended complaint, he alleges that he went to AutoZone to return a defective auto part. (ECF 32-1 at ¶ 2). Hill allegedly explained to Lefevra, AutoZone's store manager, that he purchased the part from another AutoZone location, but that Lefevra disputed Hill's entitlement to a refund. (*Id*. at ¶ 4). Lefevra allegedly refused to check whether Hill could be refunded even when Hill allegedly had receipts, and accused Hill of trying to "scam her" and to "get free money." (*Id*. at ¶ 6). Hill then alleges he cursed at Lefevra, and Lefevra responded by calling him a racial slur. (*Id*. at ¶¶ 8-9). As Hill was walking away, Lefevra allegedly approached Hill, attempted to provoke Hill into hitting her, and chest bumped Hill. (*Id*. at ¶ 10).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given, but "[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). An amendment is futile when "the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss."

*Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (quoting *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir.1991)).

District courts use the 12(b)(6) standard to address the legal sufficiency of allegations in an amended complaint. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). To survive a motion to dismiss under Rule 12(b)(6), the allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court evaluating a motion to dismiss under Rule 12(b)(6) must view the allegations in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences for the non-moving party. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

## DISCUSSION

i.  Section 1981 claim

Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. 42 U.S.C. § 1981; *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). The term "make and enforce contracts" includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). A Section 1981 claim may also arise in retail transactions. *See Morris v. Off. Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *Granger v. 24/30 Surplus, LLC*, No. 1:15-CV-135, 2016 WL 231290, at *2 (N.D. Ind.

3

Jan. 19, 2016). To establish a prima facie claim of discrimination under Section 1981, a plaintiff must show that (1) he is a member of a racial minority; (2) the defendant had the intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making or enforcing of a contract. *Morris*, 89 F.3d at 413-14. The plaintiff must show that race was a but-for cause of his injury. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020).

  Lefevra argues in her motion to dismiss that Hill does not have a contractual right to make a return based on AutoZone's return policy. (ECF 22 at 6-7). Lefevra did not raise this argument again in her reply opposing Hill's motion for leave to amend his complaint, but the Court will nonetheless consider it. Lefevra relies on *Howard v. Gucci Am., Inc.*, No.23-cv-20886-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 157745, at *2 (S.D. Fla. Sept. 5, 2023) in support. But *Howard* is distinguishable. There, the court held that a plaintiff did not plausibly allege the existence of a contractual right to make a return to the defendant store as required to state a Section 1981 claim. *Howard*, 2023 U.S. Dist. LEXIS 157745, at *11. In so holding, the court relied on a receipt proffered by the defendant that showed the plaintiff's right to return the item expired weeks before she attempted to, so the plaintiff did not demonstrate a contractual right of return when she attempted to enforce that right against the store. *Id*. at *11-12.

Unlike *Howard*, no party has attached a receipt or other contract that governs returns at AutoZone.[1] The Court must therefore take Hill's allegations that Hill had a contractual right to obtain a refund from AutoZone after purchasing a defective product—even if Hill purchased the product from another AutoZone location—as true. Accordingly, Hill has plausibly alleged the existence of a contractual right to return the defective product to AutoZone.

Lefevra next argues that Hill does not sufficiently allege that Lefevra's refusal to accept Hill's return was based on racial animus, arguing that Lefevre allegedly displayed racial animus "after [Hill] had been denied services upon informing Lefevre that he did not purchase the part at her store and after [Hill] called her a demeaning sex-based slur." (ECF 35 at 4) (emphasis omitted). Hill alleges that when he explained to Lefevra that he was returning a defective part from another AutoZone location and that he had receipts, Lefevra denied Hill a refund, accused Hill of "trying to get free money," and refused to check the computer. (ECF 32-1 at ¶¶ 5-6). Lefevra's alleged refusal to give Hill a refund that Hill alleges he was entitled to, coupled with her calling Hill a racial slur during their encounter, supports a reasonable inference that Lefevra intentionally discriminated against Hill and interfered with Hill's contractual right to make a return.

---

[1] The court in *Howard* found it proper to consider the receipt in ruling on the defendant's motion to dismiss. 2023 U.S. Dist. LEXIS 157745, at *9. The issue as to whether any receipt, return policy, or other contract between Hill and AutoZone can properly be considered on Lefevra's motion to dismiss is not before the Court; therefore, the Court does not decide whether it could consider such a document at this stage.

While Lefevra may have had nondiscriminatory reasons for refusing to accept Hill's return, that is not for the Court to evaluate on a motion to dismiss. Taking Hill's allegations as true and construing all reasonable allegations in his favor, Hill plausibly alleges a Section 1981 claim against AutoZone and Lefevra.

ii.    IIED claim

As Count III of Hill's proposed amended complaint, he alleges that Lefevra's alleged use of a racial slur, attempting to provoke Hill into hitting her, and chest bumping Hill give rise to a claim for intentional infliction of emotional distress. (ECF 32-1 at ¶¶ 10, 15-17). Lefevra argues that Hill fails to state a claim for IIED because his allegations do not rise to extreme or outrageous conduct.

The elements of an IIED claim under Indiana law are that a defendant "(1) engages in extreme and outrageous conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another." *Inlow v. Wilkerson*, 774 N.E.2d 51, 55 (Ind. Ct. App. 2002). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (citation omitted). To be considered extreme and outrageous:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized as 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim 'Outrageous!''' Intentional infliction of emotional distress is

6

> found where conduct exceeds all bounds usually tolerated by a decent society and causes mental distress of a very serious kind.

*Lachenman v. Stice*, 838 N.E.2d 451, 456-57 (Ind. Ct. App. 2005) (quotations and citations omitted).

For instance, the Indiana Court of Appeals held that a defendant's conduct was extreme and outrageous where the defendant tracked down the former state trooper who had transferred the defendant to a county jail following the defendant's arrest a decade prior to "yell and publicly heap abuse upon him on an almost daily basis." *Ellis v. State*, 194 N.E.3d 1205, 1218 (Ind. Ct. App. 2022). The Indiana Court of Appeals also found that the defendant, plaintiff's supervisor of twenty years, may have engaged in extreme and outrageous conduct when the defendant repeatedly harassed and criticized the plaintiff during that time. *Bradley v. Hall*, 720 N.E.2d 747, 753 (Ind. Ct. App. 1999)

Lefevra's alleged conduct of calling Hill a racial slur and chest bumping him during a brief encounter differs considerably from the repeated harassing conduct alleged in *Ellis* and *Bradley*. And no party cites any Indiana case in which the court found that calling another a racial slur amounts to extreme and outrageous conduct, nor can the Court find such a case. Rather, in *Fitzpatrick v. City of Hobart*, the Court held that comments or actions that could infer racial animus did not rise to extreme and outrageous behavior for purposes of an IIED claim. No. 2:03-cv-359 PS, 2006 WL 2736127, at *9 (N.D. Ind. Sept. 25, 2006) (citing *Rosa v. Valparaiso Comm. Sch. Dist.*, 2006 WL 487880, at *7 (N.D. Ind. Feb. 27, 2006)). Nor does Hill cite any case where brief physical contact such as chest bumping was sufficient to establish extreme and

outrageous conduct under Indiana law. Instead, Hill's allegations are like those in *Jimenez v. CRST Specialized Transp. Mgmt.* in which the court held that allegations that the defendant used profanity and pushed his fingers into the plaintiff's chest—physical contact that was "momentary and minor at most"—was insufficient to allege extreme and outrageous conduct. 213 F. Supp. 3d 1058, 1065 (N.D. Ind. 2016).

Hill does not plausibly allege that the Defendants engaged in extreme or outrageous conduct as required to state a claim for IIED. Thus, Hill's proposed amended complaint as to this claim (Count III) (ECF 32-1 at 4) is futile.

## CONCLUSION

1. Accordingly, Hill's motion to amend complaint in lieu of response to Defendants' motion to dismiss (ECF 32) is **GRANTED IN PART** and **DENIED IN PART**:

    a. The Court **DENIES** Hill's motion for leave to amend his complaint to include Count III against Defendants AutoZone and Lefevra for intentional infliction of emotional distress.

    b. The Court **GRANTS** Hill's motion for leave to amend his complaint as to the remaining allegations and claims in the proposed amended complaint. Accordingly, the Court **ORDERS** Hill to file his proposed amended complaint (ECF 32-1) containing the remaining allegations and claims by **February 13, 2025**.

2. Lefevra's motion to dismiss (ECF 21) and AutoZone's motion to join Lefevra's motion to dismiss (ECF 23) are **DENIED AS MOOT**.

SO ORDERED.

February 6, 2025

　　　　　　　　　　　　　　　　　　　　　　/s/*Cristal C. Brisco*
　　　　　　　　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT