UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL D HILL, <br><br> Plaintiff, <br><br> v. <br><br> AUTOZONE STORES LLC, et al., <br><br> Defendants. | Case No. 1:24-CV-12-CCB-SLC |

## **OPINION AND ORDER**

Before the Court is Plaintiff Michael D. Hill's ("Hill") Motion to Reconsider (ECF 49) this Court's Opinion and Order dated February 6, 2025 (ECF 37) denying his motion for leave to amend his complaint to include a claim for intentional infliction of emotional distress against Defendants AutoZone Stores, LLC ("AutoZone") and Natasha Lefevra ("Lefevra"). Based on the applicable law, facts, and arguments, Plaintiff's motion to reconsider will be DENIED.

**I.     RELEVANT BACKGROUND**

Hill alleges that in June 2023, he went to AutoZone to return a defective auto part. (ECF 5 at 1). Hill allegedly explained to Lefevra, AutoZone's store manager, that he purchased the part from another AutoZone location, but that Lefevra disputed Hill's entitlement to a refund. (*Id*. at 1, 2). Lefevra allegedly refused to check whether Hill could be refunded even when Hill allegedly had receipts, and accused Hill of trying to "scam her" and "get free money." (*Id*. at 2). Hill then alleges he cursed at Lefevra, and Lefevra responded by calling him a racial slur. (*Id*.). As Hill was walking away, Lefevra

allegedly approached Hill, attempted to provoke Hill into hitting her, and chest bumped Hill. (*Id.*).

On December 5, 2023, Hill commenced a lawsuit in Indiana state court against Defendants AutoZone and Lefevra. (ECF 5). AutoZone removed the case to this Court on January 10, 2024. (ECF 1). On March 13, 2024, Lefevra moved to dismiss under Fed. R. Civ. P. 12(b), and AutoZone moved to join Lefevra's motion. (ECF 21, 23).

Under Fed. R. Civ. P. 15(a)(1), the last day for Hill to amend his pleadings without leave of Court was April 3, 2024. On April 18, 2024, Hill filed a motion for leave to amend his complaint in lieu of a response to Defendants' motion to dismiss. (ECF 32). Hill sought to amend his complaint to assert claims against both AutoZone and Lefevra for violating his rights under 42 U.S.C. § 1981 (Count I), assault and battery (Count II) and intentional infliction of emotional distress ("IIED") (Count III). On February 6, 2025, the Court denied Hill's motion for leave to amend his complaint to include Count III against Defendants AutoZone and Lefevra for intentional infliction of emotional distress but granted Hill's motion for leave to amend his complaint as to Count I and Count II in the proposed amended complaint. (ECF 37). The Court ordered Hill to file his proposed amended complaint containing the remaining allegations and claims by February 13, 2025. (*Id.*).

Hill did not file his proposed amended complaint. Instead, on March 6, 2025, Hill filed a motion for an extension of time to file a motion to reconsider (ECF 47), which was granted by Magistrate Judge Collins on March 21, 2025 (ECF 48). On March 21, 2025, Hill filed a motion for reconsideration under Fed. Civ. P. R. 59(e). (ECF 49). Two

2

weeks later, Hill filed a memorandum in support of his motion for reconsideration. (ECF 50). Both AutoZone and Lefevra have filed responses in opposition to Hill's motion to reconsider. (ECF 52, 54).

**II.    STANDARD**

Hill invokes Fed. R. Civ. P. 59 in seeking reconsideration of the Court's February 2025 Opinion and Order denying his motion for leave to amend his complaint to include a claim for intentional infliction of emotional distress. Rule 59 governs motions for new trials and motions to alter or amend a judgment. No trial has been held. No judgment has been entered either. Therefore, Hill's motion for reconsideration falls outside the scope of Rule 59. Hill's motion more properly falls within the scope of Fed. R. Civ. P. 54(b), which embodies the inherent power of courts to revise non-final orders as justice requires before entry of final judgment. *Cf. e.g.*, *Shure, Inc. v. ClearOne, Inc.*, No. 17 C 3078, 2019 WL 4014230, at *2 (N.D. Ill. Aug. 25, 2019); *First Specialty Ins. v. Supreme Corp.*, No. 3:12-CV-186 JD, 2018 WL 4680015, at *1 (N.D. Ind. Sept. 28, 2018). However, even if Rule 59(e) did apply here, Hill's argument still fails.

Motions for reconsideration are disfavored but can serve limited valuable functions to correct manifest errors of law or fact; consider newly discovered evidence; or address errors of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *see also Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.* 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted). "It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (internal quotation omitted). As such, motions for reconsideration are not to be

used to advance arguments that the Court has addressed and decided. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Lock Realty Corp. IX v. U.S. Health, LP*, No. 3:06-CV-487RM, 2010 WL 148296, at *1 (N.D. Ind. Jan. 13, 2010). "The opportunity to present a motion to reconsider should not be viewed as a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed." *Indiana v. Helman*, No. 1:08CR48-TS, 2008 WL 2557246, at *1 (N.D. Ind. June 23, 2008) (internal quotation omitted).

### III.    ANALYSIS

Both AutoZone and Lefevra argue that Hill's memorandum of law in support of his motion to reconsider is untimely. (ECF 52 at 3) (ECF 54 at 1). The Court agrees. The Court granted Hill's motion for an extension of time to file a motion to reconsider and set a deadline of March 21, 2025, to file the motion to reconsider. (ECF 48). Hill filed the motion to reconsider on the deadline and did not file the memorandum in support of the motion to reconsider until two weeks later, on April 3, 2025. (ECF 50). The Seventh Circuit has rejected efforts to get around Rule 59(e) deadlines by filing placeholder motions and then filing a memorandum of law with argument later. The court in *Lac du Flambeau* stated that "[a]n empty motion cannot reserve time to file an explanation after the ten days allowed by Rule 59." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wis.*, 957 F.2d 515, 516–17 (7th Cir. 1992); *see also Hope v. United States,* 43 F.3d 1140, 1143 (7th Cir. 1994). Hill's memorandum of law was untimely and therefore, the Court will not consider it when analyzing the motion to reconsider.

AutoZone also correctly argues that Hill's motion to reconsider should be denied because "Plaintiff does not argue the Court misunderstood a party, made a decision outside the adversarial issues presented to the Court, any changes in the law have occurred, or new facts have been discovered, the only basis for his motion is the Court made an error of apprehension" which the Court did not do. (ECF 52 at 4). The Court found Hill's IIED claim futile because he "did not plausibly allege that the Defendants engaged in extreme or outrageous conduct as required to state a claim for IIED." (ECF 37 at 8.). Hill's motion to reconsider presented no case law to support his claim that Defendants' conduct rose to the level of extreme or outrageous conduct. (ECF 49). Motions for reconsideration are not opportunities for parties to "advance arguments that the Court has addressed and decided" or "dress up arguments that previously failed." *Caisse Nationale de Credit Agricole,* 90 F.3d at 1270; *Helman*, No. 1:08CR48-TS, 2008 WL 2557246, at *1. Therefore, Hill's motion to reconsider is DENIED. (ECF 49).

Even if the Court did consider Hill's memorandum of law in support of his motion to reconsider, the motion would still be denied. Hill's memorandum of law does not present any case law to refute the Court's previous holding that the facts alleged cannot rise to the required level of extreme or outrageous conduct. (ECF 37, 50). Rather, Hill merely argues that "the Court simply got it wrong" by allegedly determining "LeFevera's conduct is *within* the boundaries of a decent society." (ECF 50 at 2,3). Hill then tells the Court that the "days of slavery and the evil and antiquated actions and racial epithets that accompanies that horrible time in American history" are long gone and thus Lefevra's conduct must be found to be outrageous. (*Id.*). Hill's attempt at a

history lesson falls flat. Hill overlooks binding case law setting forth the high bar for IIED and does not provide any authoritative case law to support his argument. Thus, under Rule 59(e), Hill's motion to reconsider is DENIED.

Further, the Court will not exercise its Rule 54(b) inherent power to revise the non-final order because justice does not require it here. Therefore, under both Rule 59(e) and Rule 54(b), Hill's motion to reconsider is DENIED.

## IV. Conclusion

For the reasons discussed above, Hill's motion to reconsider is **DENIED**. (ECF 49). Both the deadline for Hill to freely amend his complaint and the last date to seek leave of the Court to amend the pleadings have passed. (ECF 44, 45). The parties are reminded that the deadline to file any dispositive motions is September 30, 2025.

SO ORDERED.

May 22, 2025

> /s/*Cristal C. Brisco*
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT

6